586 A.2d 406

**COMMONWEALTH of Pennsylvania**

**v.**

**Keith MOYE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 30, 1990.

Filed Dec. 27, 1990.

Reargument Denied Feb. 27, 1991.

Petition for Allowance of Appeal Denied July 11, 1991.

Jules Epstein, Asst. Public Defender, Philadelphia, for appellant.

Alan Sacks, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before McEWEN, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

Appellant Keith Moye was convicted by a jury of Conspiracy, 18 Pa.C.S. § 903, and sentenced to five and one-half to twelve months' incarceration. He appeals from the Judgment of Sentence, alleging that the trial court erred in refusing to suppress evidence obtained during his arrest. We are asked to determine whether an officer's momentary exit from a residence to secure back up invalidates an otherwise legal arrest. We hold that such an arrest is valid and, accordingly, affirm.

On November 12, 1988, at approximately 3:50 p.m., Officer Mary Williamson of the Philadelphia Police Department went with several other officers to a row house located at 2039 Federal Street in Philadelphia, Pennsylvania. The row house consisted of one apartment on the first floor and two apartments on each of the second and third floors. Officer Williamson knocked on the door of a second floor apartment while the other officers waited on a common stairway. John Bundy answered the door, opening it approximately two feet. Officer Williamson saw Moye sitting at a table

putting a white powder into green tinted plastic bags. Officer Williamson asked Bundy for a "dime," referring to a ten dollar bag of cocaine. Bundy turned to Moye, who handed him a bag which was given to Officer Williamson. Officer Williamson gave Bundy two pre-recorded five dollar bills in return. During this exchange, Officer Williamson observed a plate with a razor blade and a number of empty bags in front of Moye.

When the transaction was complete, Officer Williamson stepped away from the door and into the hallway. After the door to the apartment closed, Officer Williamson signalled the other officers to join her. She and Officer Gillespie announced that they were police officers and reentered the apartment. After struggling with Bundy, Gillespie arrested him and recovered a handgun and $45.00 dollars including the two prerecorded bills. Williamson confiscated a plastic bag containing 15.3 grams of cocaine, an additional 51 green tinted bags containing a white powder, four vials of crack cocaine, 138 empty green tinted bags, and a grinder. Following a jury trial, Moye was convicted of Conspiracy. Timely Post–Trial Motions were filed and denied. This appeal follows.

Moye contends, on appeal, that once Officer Williamson left the apartment and the door was closed, her return with the other officers was a warrantless and constitutionally prohibited entry, since there were no exigent circumstances or consent. The Commonwealth argues that the initial consent to the undercover agent's entry extended to the second entry moments after the transaction. The Commonwealth further argues that this was an exigent circumstance which entitled officers to arrest without a warrant.

We look first to the issue of whether the initial consent to Officer Williamson's entry extended to the second entry. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. *See Commonwealth v. Shaw*, 476 Pa. 543, 383 A.2d 496 (1978). Where an arrest is made in a home, a warrant is generally required. *Commonwealth v. Williams*, 483

Pa. 293, 396 A.2d 1177 (1978); *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). However, neither *Williams* nor *Payton* address a consensual entry of a police officer into a residence. *Payton* specifically held that the Fourth Amendment prohibits the police from making a warrantless and *nonconsensual* entry into a suspect's home in order to make a routine felony arrest. *Payton,* 445 U.S. at 576, 100 S.Ct. at 1374–75, 63 L.Ed.2d at 644. Similarly, in delineating the elements of an exigent circumstance, *Williams* presupposes that the entry was not consensual. Neither *Williams* nor *Payton* nor any case to which Moye directs us confronts the issue of whether, once entry has been obtained through the consent of the suspect, a subsequent entry is permitted, absent exigent circumstances or a warrant.

■ Neither party contends that Officer Williamson's original entry into the apartment was unconstitutional. The Fourth Amendment protections against official intrusion are inapplicable where the intrusion is consensual; and, consent is not vitiated though obtained by stratagem or deception. *Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), *reh'g. denied,* 386 U.S. 939, 87 S.Ct. 951, 17 L.Ed.2d 811 (1967); *Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board v. Kingston Realty, Inc.,* 86 Pa.Cmwlth. 123, 484 A.2d 203 (1984); *Commonwealth v. Morrison,* 275 Pa.Super. 454, 418 A.2d 1378 (1980), *cert. denied, Morrison v. Pennsylvania,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981); *United States v. Paul,* 808 F.2d 645 (7th Cir.1986). Once the sale of cocaine was made, Officer Williamson, being lawfully within the apartment, had a right to arrest both Moye and Bundy and seize anything that was in plain view. *Commonwealth v. Harris,* 479 Pa. 131, 387 A.2d 869 (1978); *Commonwealth v. Jerry,* 323 Pa.Super. 299, 470 A.2d 601 (1983). We must decide, therefore, whether this right to arrest continued while Officer Williamson went to the stairway to obtain "back up," despite the closing of the apart-

ment door during her momentary absence. This issue is one of first impression.

In *United States v. Janik*, 723 F.2d 537 (7th Cir.1983), an agent was invited into a residence to see a submachine gun which Janik claimed was purchased from a known burglar. Upon seeing the weapon, the agent left the apartment and signaled other officers via a transmitter which he was carrying. Janik was arrested in the lobby, and the weapon inside the residence was seized. In holding that Janik was not entitled to suppression of the weapon, the court wrote:

A guest who stays within the part of the premises to which he is invited does not invade his host's privacy, as is shown by the cases discussed in *Coolidge v. New Hampshire*, 403 U.S. 443, 465–72, 91 S.Ct. 2022, 2037–41, 29 L.Ed.2d 564 (1971), which allow arresting officers to seize things in plain view without either a warrant or a justification for not having one. See also, *Texas v. Brown*, [460 U.S. 730], 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). *The fact that [the officer] got help from other officers in removing the submachine gun can make no difference. United States v. White*, 660 F.2d 1178, 1183 (7th Cir.1981). Not only was the incremental invasion of privacy trivial, but if [the officer] was privileged to slip the gun underneath his jacket and leave the apartment we think he was also privileged to have a police escort to prevent interference by Janik.

*Janik*, at 548 (emphasis added).

In *United States v. Diaz*, 814 F.2d 454 (7th Cir.1987), an undercover agent had arranged for the purchase of drugs from a suspect in a hotel room. After telling the suspect that he would return later with the purchase money, the officer signalled other officers and they all immediately reentered the room. Holding this method constitutional, the Court of Appeals for the Seventh Circuit stated that "Diaz effectively consented to the second entry by virtue of his consent to [the officer's] first entry. [The agent] was in the hotel room with Diaz' consent, and the fact that [he] momentarily stepped out to obtain help from other officers

in making the arrest did not vitiate this consent." *Diaz*, 814 F.2d at 459. We recognize that *Diaz* is distinguishable, both because Diaz was expecting the eventual return of the officer, and because Diaz opened the door to the room to permit reentry. However, neither of these facts was relied upon. The court held that it would apply the:

> doctrine of "consent once removed" only where the agent (or informant) entered at the express invitation of someone with authority to consent, at that point established the existence of probable cause to arrest or search, and *immediately summoned help from other officers*. We do not intend to suggest by our analysis that one consensual entry means that law enforcement agents may thereafter enter and exit a home at will. In this case, however, the second entry was clearly lawful. Therefore, Diaz's arrest was valid, and there was no illegal search.

*Diaz* at 459 (emphasis added). We note that, in both *Janik* and *Diaz*, the courts reached their conclusions despite having held that no exigent circumstances were presented.

■ We find the analysis of the Court of Appeals for the Seventh Circuit persuasive. We hold that, while one consensual entry does not entitle a law enforcement official to return at any substantially later time, an officer's momentary exit to secure back up does not invalidate an otherwise legal arrest.

Our disposition of this case makes it unnecessary to decide whether exigent circumstances alone justify the second entry. In any event, the trial court stated at the suppression hearing:

> I perceive this [case] as not one that will call for the consideration of exigent circumstances.... I'm mindful of the concerns of the 14th Amendment and the other portions of the Constitution and the rights of the defendant, but in this instance I'm satisfied that the officer, herself, of course had the right to make the arrest had she chosen to herself. But the arrest having been made only seconds later by her brother officer or officers in

this Court's judgment does not alter the facts as viewed here.

N.T. December 6, 1989, at 40–41. Inasmuch as our holding makes this issue moot, and the suppression court never decided it, the issue is not before us, and we will not address it.

For the foregoing reasons we affirm the Judgment of Sentence by the trial court.

Judgment of Sentence Affirmed.

McEWEN, J., concurs in the result.